WM. M. ADDISON for the petition.

[No appeal was prosecuted in this case.]

JEHU BROWN
vs.                    DECEMBER TERM, 1846.
ELIZABETH BROWN.

[DIVORCE—CONSTRUCTION OF ACTS OF ASSEMBLY—DEED OF SEPARATION—
EFFECTS OF.]

JURISDICTION in cases of application for divorces, was conferred upon the equity tribunals of this state, by the act of 1841, chapter 262, to which two supplements have been passed, one in 1843, chapter 287, and the other in 1844, chapter 306.

The 2d sec. of the act of 1841, authorizes the court to decree a divorce *a vinculo*, "where the party complained against, has abandoned the party complaining, and has remained absent from the state for the space of *five years*." The act of 1844, repeals "all such parts of the 2d sec. of the original act, as requires an absence from the state for *five years*," with a proviso, that no such decree shall be passed on account of abandonment, unless such abandonment has continued uninterruptedly for at least three years, and is deliberate and final, and the separation of the parties beyond any reasonable expectation of reconciliation. HELD—

That by the latter act, the legislature clearly intended to *abridge* the period of absence from the state required by the former, but that it is not clear, that they intended to *dispense* with such absence altogether, as one of the ingredients constituting the ground for a divorce *a vinculo*.

By the 3d sec. of the act of 1841, a divorce *a mensa et thoro* may be granted for abandonment and desertion, without regard to its duration, or the absence of the party complained against from the state.

The parties in this case, executed a deed of separation, by which, provision was made for the support of the wife and children, and by which, these parties mutually agreed, during their joint lives to live separate and apart from each other. HELD—

That this deed, so long as the terms of it are complied with on the part of the husband, exonerates him from the obligation to support his wife, and is a protection against any claim which can be made upon him for supplying her even with necessaries.

That by this deed, the parties have placed themselves very much in the condition, with respect to each other, which the law would have empowered the court to do, by granting a divorce *a mensa et thoro*, and, therefore, such a decree is unnecessary, and perhaps improper.

There being no allegation or proof, that any circumstance had transpired since the execution of the deed, rendering it necessary that the relations of the parties as established by that instrument, should be changed, the court refused to decree a divorce *a vinculo*, as the effect of such a decree upon the rights secured by the deed, might occasion injurious consequences.

---

[The bill in this case was filed on the 6th of July, 1846. All its material averments, as well as the admissions and defences taken in the answer and proofs in the cause, are fully stated in the opinion.

The complainant's solicitor, J. J. SPEED, ESQ., contended in his argument, that there can be no doubt that the act of 1844, repeals that part of the 2d section of the act of 1841, requiring a residence out of the state; and that the fourth ground of absolute divorce is thereby so modified as to require a separation of a hopeless character, of only three years in the state or out of it. The first paragraph of the act of 1844, absolutely and unconditionally repeals the requisition of foreign residence, and that very justly and properly, for otherwise it would be difficult to understand why it was ever placed in the law.]

---

THE CHANCELLOR:

On the 6th of July, 1846, the complainant filed his bill in this court, praying for a divorce a *vinculo matrimonii*, from the defendant, his wife, to whom he was married in the year 1824. The parties are both now, and always have been, citizens of

28*

and residing in this state, and the ground of the application is, that the defendant, the party complained against, abandoned the complainant upwards of ten years since, that this abandonment has continued uninterruptedly for more than ten years, is deliberate and final, and the separation beyond any hope of reconciliation. It is also alleged, as a circumstance marking the final nature of the separation, that the parties, on the 18th of April, 1846, agreed upon, and executed a deed of separation, by which provision was made for the support and maintenance of the wife, fully equal to such portion of the property of the husband, as the law would have given her in the event of his death.

This deed of separation is exhibited, and made a part of the bill. By it, certain property is conveyed by the husband, to a trustee, for the sole and separate use of the wife, with power, with the concurrence of the trustee, of disposing thereof, whilst living, or by her will, or in case of her death without will, in trust for her children and their descendants, or in case she should die without children or descendants, living at her death, then in trust for her right heirs. The deed also contains a stipulation that the parties, Brown and wife, "shall and will henceforth, during their joint lives, live separate and apart from each other, without any sort of dependance or claim, of the one upon, or against, the other."

In the answer of the wife, the abandonment is admitted, as is the deed of separation, though the application for a divorce is resisted, at least until the husband shall make a comfortable provision for her, which, she alleges, is not done by the deed.

Under the commission which issued to take proof, the continued separation of the parties for the ten years past, is proved, as is also the great improbability of their reconciliation.

Upon the return of the commission, the case, by agreement of counsel, was set down for final decree on the 25th of this month, and is now submitted upon notes filed by the complainant's solicitor.

Jurisdiction in cases of applications for divorces, was conferred upon the equity tribunals of this state, by the act of as-

sembly of December session, 1841, ch., 262, since which time, two supplements have been passed ; the first in 1843, ch. 287, the last in 1844, ch. 306.

By the second section of the original act, the causes for which divorces a *vinculo matrimonii,* may be granted, are stated. These are five in number, and the fourth, which is supposed to embrace this case, authorises the court to decree a divorce of this absolute character "when the party complained against has abandoned the party complaining, and has remained absent from the state for five years." By the third section of the same act, a divorce *a mensa et thoro* may be granted for abandonment and desertion, without regard to its duration, or the absence of the party from the state.

The act of 1844, ch. 306, repeals those portions of the second section of the original act, which requires absence from the state for five years, on the part of the party complained against, as a cause of divorce a *vinculo matrimonii,* with a proviso that no such decree shall be passed on account of abandonment, unless the court shall be satisfied, by competent proof, that such abandonment has continued uninterruptedly for at least three years, and is deliberate and final, and the separation of the parties beyond any reasonable expectation of reconciliation.

This latter law, it is supposed by the complainant's solicitor, not only changes so much of the act of 1841, ch. 262, as makes it necessary that the party complained against, should have remained absent from the state for five years, but renders absence from the state, for a *period,* unnecessary. It is not clear, however, that this is the true construction of the act of 1844. Its language is, "that all such parts of the second section of the act to which it is a supplement, as requires absence from the state for *five years,* &c. be and the same are hereby repealed." It does not say that absence from the state for *any period,* shall not be necessary to entitle a party to an absolute divorce, but that absence *for five years,* shall not be required. If the legislature had designed to dispense with the absence from the state altogether, as one of the ingredients constituting the ground for an absolute divorce, it is presumed they would have expressed

their meaning in terms free from all ambiguity. The original act required such absence to continue for five years, and this period, the legislature, in 1844, thought proper to abridge, but it is not manifest they intended to dispense with it altogether.

It has been asked, why it was put in the original act? This is a question which this court cannot answer, but finding it there, it must pay respect to it, as one of the circumstances constituting cause for a divorce a *vinculo matrimonii*, until the authority which placed it there strikes it out, which I am not satisfied, entirely, they intended to do, by the act of 1844.

This construction of these acts, seems to me, in conformity with what I understand to be the opinion delivered by one, at least, of the judges of the Court of Appeals, in the case of *Benguyn* vs. *Benguyn*, decided at December term, 1845, and the opinions of the other judges, do not, in any manner, conflict with it.

The party complained against, then, in this case, not having been absent from the state for any period, it may be doubted, whether, upon the true construction of the acts of assembly upon the subject, an absolute divorce could be decreed.

There is, however, another objection to the interposition of the court in this case, which renders it unnecessary to place the decree about to be passed, upon the ground that the facts alleged, and proved, do not bring this case within the provisions of the acts. The parties, we have seen, on the 18th of April last, executed a deed of separation, by which, provision was made for the support of the wife and children, and by which, these·parties mutually agreed, during their joint lives, to live separate and apart from each other. This deed, so long as the terms of it are complied with on the part of the husband, exonerates him from the obligation to support his wife, and is a protection against any claim which can be made upon him for supplying her, even with necessaries. 2 *Kent's Com.*, 161 ; *Todd* vs. *Stokes*, 1 *Salk.*, 116 ; *Nurse* vs. *Craig*, 5 *Bos. & Pul.*, 148 ; *Baker* vs. *Barney*, 8 *Johns. Rep.*, 77.

Having selected their own remedy by the execution of this deed, after the actual separation had lasted nearly or quite ten

years, no sufficient reason has been assigned, why within less than three months from the date of the deed, this court should be called upon absolutely to dissolve the marriage. It is not alleged or proved, that any circumstances have transpired since the execution of the deed, which render it necessary or proper, that the relations of the parties as established by that instrument, should be changed, and the court would be most reluctant to do so, especially in the manner, and to the extent proposed by this bill, unless a case of strong urgency was made out, as the effect of such a change upon the rights secured by the deed might occasion embarrassing, if not injurious, consequences.

The third section of the original act, authorizes the courts of equity, upon applications for divorce a *vinculo matrimonii*, to decree them *a mensa et thoro*, if the causes proved are sufficient to entitle the parties to such relief, and it has already been stated, that abandonment and desertion alone, without regard to its duration, or the absence from the state of the party complained against, is sufficient cause for a divorce of this qualified character. But a decree of this description is rendered unnecessary, and would, perhaps, be improper in this case, in consequence of the deed of separation, by which the parties have placed themselves, very much in the condition with respect to each other, which the law would have empowered the court to do, by decreeing a limited divorce. *Hunt* vs. *De Blaquiere*, 5 *Bing.*, 520.

For these reasons, very briefly stated, I am of opinion, the bill must be dismissed, and shall so decree.

J. J. SPEED for Complainant.
JAMES M. BUCHANAN for Defendant.

[The decree in this case was affirmed by the Court of Appeals *for the reasons assigned by the Chancellor.*]